UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH LOWMAN, | Case No. 20-cv-12515 |
| | Nancy G. Edmunds |
| Plaintiff, | United States District Judge |
| v. | Elizabeth A. Stafford |
| | United States Magistrate Judge |
| GENERAL MOTORS CORP., | David R. Grand |
| | United States Magistrate Judge |
| Defendant. | (Settlement) |

_____/

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE
JUDGE'S NOVEMBER 19, 2021 REPORT AND RECOMMENDATION [38]**

Presently before the Court is Magistrate Judge David R. Grand's November 19, 2021 Report and Recommendation. (ECF No. 37.) The Magistrate Judge recommends granting Defendant General Motors Corporation's ("GM") Motion to Enforce Settlement (ECF No. 13) and denying Plaintiff Kenneth Lowman's Motion to Reinstate Case and Opposing Settlement (ECF No. 24). Plaintiff, acting *pro se*,[1] filed objections in the form of a response to the Report and Recommendation. (ECF No. 39.) GM responded to Plaintiff's objections. (ECF No. 40.) Having conducted a *de novo* review of the portion of the Magistrate Judge's report to which specific objections have been filed, the Court

---

[1] Plaintiff was represented by counsel in this matter from case initiation until July 16, 2021 when Magistrate Judge Grand granted motions for withdrawal of counsel filed by both Plaintiff (ECF No. 21) and his attorney (ECF No. 16) after the two experienced "friction . . . regarding the settlement placed on the record in this case." (ECF No. 35.)

1

OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the report and recommendation.

I.     **Background**

As more thoroughly detailed in the Magistrate Judge's report, this case began when Plaintiff filed his complaint in the Wayne County Circuit Court against GM, contending that he was wrongfully denied certain retirement benefits under the GM pension plan. (ECF No. 1, PageID.12-13.) On September 14, 2020, GM removed Plaintiff's complaint to this Court based on the fact that his claim for retirement benefits under the Plan was governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). (*Id.*, PageID.1-5.)

The case progressed and on October 19, 2020, counsel for GM communicated an offer of settlement to Plaintiff's counsel who later indictated that his client was agreeable to signing the offer discussed. (ECF No. 13-1, PageID.62-64.) Thus, on November 24, 2020, a Confidential Negotiated Settlement Agreement and General Release was sent to Plaintiff's attorney to resolve the lawsuit under the terms of the October 19, 2020 settlement offer. (ECF No. 13-5.) But Plaintiff would not sign the agreement. (ECF No. 13-1, PageID.64.) According to counsel for GM, Plaintiff's attorney indicated that Plaintiff refused to sign because he did not want to pay attorney's fees he owed to his own attorney out of the settlement. (*Id.*, PageID.65.)

The case continued and on March 26, 2021, the Magistrate Judge conducted a settlement conference with the parties during which GM stated that it would honor its prior settlement offer, but would not increase the settlement to include Plaintiff's attorney's fees. (*Id.*, PageID.65.) When Plaintiff requested specific settlement figures, the settlement

2

conference was adjourned to be reconvened on a later date. During the adjournment, GM calculated the benefits that would be paid to Plaintiff if a settlement were to be reached and communicated these figures to Plaintiff via email sent through counsel. (ECF No. 13-6.) GM stressed in its email that it was waiving its claim for attorney's fees pursuant to ERISA, but would not contribute any amounts towards Plaintiff's attorney's fees as part of the proposed settlement. (*Id.*, PageID.87.)

On April 9, 2021, the parties and the Magistrate Judge reconvened via Zoom for a continuation of the settlement conference. During the conference, Plaintiff unequivocally agreed to the terms of the settlement agreement. (ECF No. 30, PageID.195-96.) The following exchange occurred on the record memorializing Plaintiff's assent:

> THE COURT: So before we get into too many more questions or tangents, let me ask, Mr. Lowman, did you hear everything that [GM's attorney] said about the, you know, the terms and the amount of money that you'll be receiving both as a lump sum, and as a monthly amount, moving forward, did you hear and understand all of that?
>
> THE PLAINTIFF: Yes.
>
> THE COURT: All right. And you agree to all of those terms, correct?
>
> THE PLAINTIFF: Yes.
>
> THE COURT: All right. And, you know, as [GM's attorney] said, those numbers are based on an assumption that you, you know, fill out the forms, you know, timely and that you check, you know, the box that she indicated, the single life annuity. And you understand that if you, you know, either delay or, you know, make a different election, that that could change the amounts. But, but we're still – you're still agreeing you, you know, this framework for settling this case. You understand all of that?
>
> THE PLAINTIFF: Yes.

(*Id.*, PageID.197). Thus, in no uncertain terms, the Magistrate Judge asked Plaintiff on the record if he understood the terms of the settlement and was agreeing to them and

3

Plaintiff responded in the affirmative. (*Id.*) Based upon the agreement, the Magistrate Judge issed a minute entry confirming that a settlement had been reached and that the parties were instructed to file a stipulated order of dismissal within 30 days. (4/9/21 Text-Only Minute Entry.) Neither party contacted the Court with any concerns about this docket entry.

On April 19, 2021, counsel for GM provided the Confidential Negotiated Settlement Agreement and General Release to Plaintiff's attorney for Plaintiff's signature. (ECF No. 13-7.) But, Plaintiff again refused to sign as, according to GM's counsel, he did not want to pay his own attorney's fees. (ECF No. 13-1, PageID.68.)

As a result, on June 4, 2021, GM filed its Motion to Enforce Settlement. (ECF No. 13.) On June 24, 2021, Plaintiff filed a Motion to Reinstate Case and Opposing Settlement. (ECF No. 24.) The next day, Plaintiff's attorney – who has since withdrawn as counsel in this case – filed a response to GM's motion, opposing the remedy requested but stating as follows:

> Plaintiff's Counsel concurs with Defendant Counsel's assessment of the current status of the matter. Both Plaintiff's Counsel and Defendant's Counsel have worked tirelessly on this matter, including Defendant's Counsel having immediately provided upon request, the amounts the Plaintiff would be entitled too [sic] relative to his retirement funds. As indicated by Defendant's Counsel, Plaintiff's Counsel must oppose this motion.

(ECF No. 25, PageID.176). On July 7, 2021, GM filed a response to Plaintiff's motion to reopen the case, as well as a reply brief in support of its own motion to enforce the settlement. (ECF Nos. 32, 33.) And on September 7, 2021, Plaintiff filed a separate action alleging one count of fraud against GM, UAW international, and two individuals employed by GM based largely on the same arguments Plaintiff raises in the present case. (Case

4

No. 21-cv-12080.) That case has since been reassigned to this Court and referred to Magistrate Judge Elizabeth A. Stafford for pretrial matters.

## II.     The Magistrate Judge's Recommendation

Magistrate Judge Grand recommends granting GM's Motion to Enforce Settlement (ECF No. 13) and denying Plaintiff's Motion to Reinstate Case and Opposing Settlement (ECF No. 24). This recommendation stems from the fact that, according to the Magistrate Judge, there was an informed and unambiguous offer and acceptance of the proposed settlement that constituted a meeting of the minds. (ECF No. 38, PageID.277-78.) Moreover, the Magistrate Judge found that the issue Plaintiff raises in both his motion and his response to GM's motion – that he felt pressure to settle from his attorney– concerns a dispute between *Plaintiff and his attorney*, but does not change the fact that, *as between Plaintiff and GM*, Plaintiff unequivocally agreed, on the record, to the settlement. (*Id.*, PageID.275, 277.) Accordingly, the Magistrate Judge found that Plaintiff's hesitation, in the absence of any evidence of fraud or mutual mistake, was not a basis to deprive GM of the benefit of the bargain it reached with Plaintiff. (*Id.*, PageID.277) (relying on *Meyer v. Rosenbaum*, 248 N.W.2d 558, 590 (Mich. Ct. App. 1976) and *Brown v. Cty. of Genesee*, 872 F.2d 169, 174 (6th Cir. 1989).)

## III.    Standard of Review

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

### IV.     Analysis

Plaintiff does not number the individual grounds for his opposition to the Report and Recommendation (ECF No. 39), but his arguments can be categorized as follows: *First*, Plaintiff objects based upon his allegations regarding the merits of his underlying claims; *Second*, Plaintiff objects to the notion that he agreed to the October 19, 2020 settlement agreement; and *Third*, Plaintiff objects to the notion that he does not want to pay his attorney fees although he asks that, in the event the Court does enforce the settlement, that the funds be distributed to him through his pension and not to his attorney.

Plaintiff's objections are overruled. At the outset, the Court notes that Plaintiff's objections are duplicative of the arguments made in his motion and response and the Court is not obligated to reassess these identical arguments. *See, e.g.*, *Owens v. Comm'r of Soc. Sec.*, No 1:12-47, 2013 U.S. Dist. LEXIS 44411, 2013 WL 1304470 (W.D. Mich. Mar. 28, 2013) ("Plaintiff's objections are merely recitations of the identical arguments that were before the magistrate judge. This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations."); *Davis v. Caruso*, No. 07-10115, 2008 U.S. Dist. LEXIS 13713, at *5, 2008 WL 540818 (E.D. Mich. Feb. 25, 2008) (denying an objection to a report and recommendation where Plaintiff "merely rehash[ed] his arguments" made before the Magistrate Judge).

Despite this lack of obligation, the Court finds that none of Plaintiff's objections relate to the issue of whether the April 9, 2021 settlement agreement should be enforced. As the Magistrate Judge found, there was an unambiguous offer and acceptance of the proposed settlement, the terms of the settlement were placed on the record, and Plaintiff

6

"unequivocally agreed on the record to the settlement" and to his understanding of its terms. (ECF No. 38, PageID.277.) Given the Magistrate Judge's findings, and after this Court's *de novo* review, the Court agrees with the Magistrate Judge's analysis and recommendation that the settlement be enforced.

**V.    Conclusion**

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation (ECF No. 38). Accordingly, the Court GRANTS Defendant General Motors Corporation's Motion to Enforce Settlement (ECF No. 13) and DENIES Plaintiff Kenneth Lowman's Motion to Reinstate Case and Opposing Settlement (ECF No. 24).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 27, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 27, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager