UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH LOWMAN, | Civil Action No. 20-12515 |
|        Plaintiff, | |
| | Nancy G. Edmunds |
| v. | United States District Judge |
| | |
| | Elizabeth A. Stafford |
| GENERAL MOTORS CORP., | United States Magistrate Judge |
| | |
| | David R. Grand |
|        Defendant. | United States Magistrate Judge (Settlement) |
| _____/ | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN CASE
AND REMOVE CHARGING LIEN (ECF No. 50)**

**AND**

**REPORT AND RECOMMENDATION TO DENY ATTORNEY SCANLAND'S
MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF (ECF No. 52)**

On June 21, 2022, the Court entered an order that it thought would end this case. (ECF No. 49). It directed defendant General Motors Corp. ("GM") how to distribute the substantial settlement proceeds owed to plaintiff Kenneth Lowman ("Lowman"), and also enforced the charging lien that Lowman's counsel, Gerrard Scanland ("Scanland") had filed in this case in the amount of $29,250 (ECF Nos. 15, 17). In short, GM was to send an "initial, lump sum payment for retroactive retirement benefits payable based on the Settlement Agreement" to Scanland, who would then distribute Lowman's share and retain the fee portion for himself. (ECF No. 49, PageID.412). GM was then to send "monthly retirement payments that are payable based on the Settlement Agreement [] directly to [Lowman]." (*Id.*). Instead of proceeding in that fashion, however, Lowman, who has been representing himself in this matter *pro se* since Scanland withdrew months ago, obtained a certified check in the amount of $29,250, and mailed it to

Scanland. (ECF No. 50, PageID.416). Scanland admits that he has the certified check in his possession.

Now that Scanland has received the full amount of the $29,250 charging lien, Lowman asks the Court to "reopen" this case to direct GM to send him the aforementioned "initial, lump sum payment," and to discharge Scanland's charging lien. (ECF No. 50). Believing Lowman's actions are in bad faith, Scanland filed a motion for Rule 11 sanctions against Lowman. (ECF No. 52). Both motions were referred to the undersigned, Lowman's for hearing and determination, and Scanland's for a Report and Recommendation. On August 25, 2022, the Court held oral argument on both motions, with Mr. Lowman, attorney Scanland, and GM's counsel all in attendance. For the reasons stated on the record and below:

- **IT IS ORDERED** that Lowman's motion to reopen the case and discharge Scanland's charging lien **(ECF No. 50)** is **GRANTED**. There being no dispute that Lowman has paid Scanland the full amount of the charging lien – $29,250 – **IT IS ORDERED** that the charging lien **(ECF Nos. 15, 17)** is hereby **DISCHARGED**. Any further dispute between Scanland and Lowman about Scanland's fee involves purely state law issues based on their prior contractual relationship, and is not properly before this Court. Nor is the existence of any such dispute a legitimate basis to slow the resolution of *this* action. Accordingly, **IT IS ORDERED** that GM shall send the "initial, lump sum payment for retroactive retirement benefits payable based on the Settlement Agreement" as described in the Court's prior order (ECF No. 49, PageID.412), **directly to Lowman at the address he provided to GM**. This supersedes the Court's prior direction that GM send that payment to Scanland. (*Id.*).

- **IT IS RECOMMENDED** that Scanland's motion for Rule 11 sanctions **(ECF No. 52)** be **DENIED**. Contrary to the Rule's requirements, the motion does not indicate that the Rule's "safe harbor" procedures were followed. See Fed. R. Civ. P. 11(c)(2). Moreover, the Court finds that Lowman's challenged conduct was not undertaken in bad faith, and that his motion was not filed for an improper purpose.

- Judgment having already been entered in this case (ECF No. 42), entry of this Order and adoption of this Report and Recommendation will close this case.

Dated: August 26, 2022　　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Order and Report and Recommendation but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Order and Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 26, 2022.

                                                      s/Eddrey O. Butts
                                                     EDDREY O. BUTTS
                                                     Case Manager